# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**KIMBERLY MARTINEZ** and
**DESIDERIO ROMERO SARMIENTO**,
*Individually and on behalf of all other similarly situated current and former employees*,

Plaintiffs,

v.

**AMERITALIA, LLC,**
*d/b/a* **Coco's Italian Market and Restaurant,**
*a Tennessee Limited Liability Company,*
**COCO'S FINEZZA ITALIAN, LLC**,
*a Tennessee Limited Liability Company*, and
**CHARLES "CHUCK" CINELLI**,
*individually*,

Defendants.

No. 3:20-cv-0410

**FLSA Opt-in Collective Action**
JURY DEMANDED

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), and with Defendants' written consent, Named Plaintiffs, Kimberly Martinez and Desiderio Romero Sarmiento ("Plaintiffs"), on behalf of themselves, individually, and on behalf of others similarly situated, file this First Amended Collective Action Complaint against Defendants Ameritalia, LLC *d/b/a* Coco's Italian Market and Restaurant, Coco's Finezza Italian, LLC, and Charles "Chuck" Cinelli ("Defendants"), and state as follows:

### I. NATURE OF THE SUIT

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs

1

and other similarly situated current and former non-exempt, hourly-paid employees of Defendants, as defined herein.

2. Defendants violated the FLSA in that they failed to properly pay Plaintiffs for all hours they worked by not compensating them at the rate of time and one-half (1.5) their regular rate of pay for all the hours worked over forty (40) hours in each workweek. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendants employed Plaintiffs to perform work in this District, and Defendants have conducted, and continue to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## III. PARTIES

5. Defendant Ameritalia, LLC is a Tennessee Limited Liability Company with its principal offices located at 411 51st Avenue, N., Nashville, Tennessee 37209. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent, Charles Cinelli, at 5105 Alabama Avenue, Nashville, Tennessee 37209.

6. Defendant Coco's Finezza Italian, LLC is a Tennessee Limited Liability Company with its principal offices located at 5406 Harding Pike, Nashville, Tennessee 37205. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent, Joan I. Cinelli, at 210 Louise Ave., Nashville, Tennessee 37203.

7. Defendant Charles "Chuck" Cinelli is the owner of Ameritalia, LLC *d/b/a* Coco's Italian Market and Restaurant and Coco's Finezza Italian, LLC and exercises operational control over their employees during the statutory period. Furthermore, Defendant Cinelli determined Plaintiffs' rate and method of pay and made payroll decisions related to the overtime payment of Plaintiffs and Class Members. Defendant Cinelli is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant Cinelli can be served at 411 51st Avenue, N., Nashville, Tennessee 37209, 5105 Alabama Avenue, Nashville, Tennessee 37209, or wherever he may be found.

8. Defendants have been "employers" of Plaintiffs and those "similarly situated" as such terms are used in and/or defined by the FLSA, at times material to this action.

9. Plaintiff Kimberly Martinez has been a resident of this District and performed work as a non-exempt, hourly-paid employee for Defendants Coco's Finezza Italian, LLC and Charles "Chuck" Cinelli within this district during the three (3) year period immediately preceding the filing of this Complaint.

10. Plaintiff Desiderio Romero Sarmiento has been a resident of this District and performed work as a non-exempt, hourly-paid employee for Defendants Ameritalia, LLC and Charles "Chuck" Cinelli within this district during the three (3) year period immediately preceding the filing of this Complaint.

## IV.  CLASS DESCRIPTION

11. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former non-exempt, hourly-paid kitchen employees, such as cooks and dishwashers, of Coco's Italian Market and Restaurant and/or Coco's Finezza Italian, LLC during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-

3

in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

### V. COVERAGE

12. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

13. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## VI. FACTUAL BASIS FOR SUIT

17. Defendants owns and operates Coco's Italian Market and Restaurant and Coco's Tours & Travel Agency in Nashville, Tennessee, located at 411 51st Avenue, North. Additionally, Defendants operate Coco's Event Center at 5105 Alabama Avenue, Nashville, Tennessee 37209.

18. Plaintiffs Kimberly Martinez and Desiderio Romero Sarmiento worked for Defendants as hourly-paid, non-exempt kitchen staff employees during the three (3) year period preceding the filing of this action.

19. "The Putative Class" refers to of all non-exempt, hourly-paid kitchen employees of Defendants during the relevant time period, who were not properly paid for all overtime hours that they worked over forty (40) per week.

20. Upon information and belief, Defendants would only compensate Plaintiffs and Class Members with cash payments that were "off the books" for all overtime hours worked. These cash payments would only compensate Plaintiffs and Class Members at their straight time regular rate of pay for all hours worked over forty (40) per week. Therefore, these cash payments failed to properly compensate Plaintiffs and Class Members at the appliable FLSA overtime rate of pay.[2]

21. Defendants have been Plaintiffs and Class Members' "employers" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

---

[2] Upon information and belief, Defendants have since ceased paying Class Members with "off the books" cash payments for overtime hours worked and now pay via check. However, it is believed that Defendants are still only paying straight time for all hours worked over forty (40) by Class Members.

22. At times material to this action, Plaintiffs and Class Members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States, within the three (3) years preceding the filing of this collective action.

23. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

24. Plaintiffs and Class Members have engaged in interstate commerce as Defendants' employees during the applicable statutory period.

25. Plaintiff Martinez worked in the kitchen as an hourly-paid kitchen employee, primarily as a line cook. Her job duties involved preparing food for customers, cooking food, keeping the kitchen area in a clean condition (mopping, sweeping, etc.), and otherwise ensuring that food items were adequately prepared for ordering customers.

26. Plaintiff Sarmiento worked in the kitchen as an hourly-paid kitchen employee, primarily as a dishwasher. His job duties consisted of ensuring the kitchen area was in a clean condition and that there were always dishes ready for food to be plated on to serve customers. He would also arrive early to clean and prepare the restaurant and store for opening to customers. Finally, he was also asked to maintain plants throughout the restaurant, remove trash from the restaurant and store, and would be required to buff floors throughout the restaurant on a weekly basis.

27. Plaintiff Martinez and Sarmiento were paid by the hour for the work they performed for Defendants. Plaintiff Martinez was paid $14.00 per hour and Plaintiff Sarmiento began his employment being paid $10.00 per hour but received a raise prior to the end of his employment to $12.00 per hour.

28. Plaintiffs worked in excess of forty (40) hours per week, as did other Class Members.

29. When Plaintiffs worked in excess of forty (40) hours per week, these hours were not reflected on their paychecks. Instead, Defendants would pay Plaintiffs and Class Members in cash for overtime hours that were worked. These cash payments failed to properly compensate Plaintiffs and Class Members at the applicable FLSA overtime rate of one and one-half (1.5) times their hourly-rate of pay.

30. Upon information and belief, Coco's Italian Market and Restaurant and Coco's Finezza Italian, LLC are s fully managed by the owner Charles "Chuck" Cinelli and his family members.

31. Defendants knew and were aware at all relevant times that it was not compensating Plaintiffs and Class Members for all compensable time. Defendants can cite no good faith basis for this failure.

32. Defendants' compensation policies and practices violated 29 U.S.C. § 207(a)(1).

33. As a result of Defendants' bad faith and willful failure to pay Plaintiffs and Class Members in compliance with the FLSA, Plaintiffs and Class Members have suffered lost wages in the form of overtime compensation.

34. The net effect of Defendants' common plan, policy, and practice of failing to pay their non-exempt, hourly-paid kitchen employees proper overtime compensation for all hours worked over (40) per week unjustly enriched Defendants, who enjoyed ill-gained profits at the expense of Plaintiffs and Class Members, and also enjoyed lower payroll taxes thereby.

## VII. SCOPE OF LIABILITY AS TO INDIVIDUAL DEFENDANT

35. Throughout the recovery period applicable to this action, individual Defendant Cinelli exercised operational control over the business activities and operations of Defendant Ameritalia, LLC *d/b/a* Coco's Italian Market and Restaurant and Coco's Finezza Italian, LLC, including control over the hourly-paid employees employed there.

36. In particular, Defendant Cinelli directed and controlled work performed by Plaintiffs and all other employees who worked for Coco's Italian Market and Restaurant/Coco's Finezza Italian, LLC; made decisions to hire and fire employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiffs and other current and former employees.

37. Throughout the recovery period applicable to this action, Defendant Cinelli was fully aware that Plaintiffs and similarly-situated employees were not paid overtime for all hours of compensable work they performed over forty (40) in single workweeks while in Defendants' employ.

38. Accordingly, Defendant Cinelli acted "directly or indirectly in the interest of an employer in relation to" Plaintiffs and similarly situated employees within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## VIII. FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

40. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

41. Plaintiffs seek to pursue their unpaid overtime wage claims against Defendants on behalf of themselves, individually, and on behalf of all other similarly situated employees.

42. Plaintiffs and Class Members are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendants employed a common pay scheme whereby Defendants' non-

8

Case 3:20-cv-00410    Document 19    Filed 09/15/20    Page 8 of 12 PageID #: 92

exempt, hourly-paid employees were paid in a matter impermissible under the FLSA, and were thereby denied overtime pay.

43. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to Defendants' payroll policies, which universally denied Plaintiffs and Class Members proper overtime compensation.

44. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Class Members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

45. Plaintiffs will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members.

46. Counsel for Plaintiffs will adequately protect his interests as well as the interests of all putative class members.

47. Plaintiffs estimate that the Putative Class consists of approximately thirty (30) individuals. However, the precise number of Putative Class members can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendants' place of business.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and those who choose to opt into this matter request the Court enter judgment in favor of this First Amended Complaint and:

a) Award Plaintiffs and similarly situated employees all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiffs and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

i) Allow Plaintiffs to amend the Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Dated: September 15, 2020.	Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina H. Parsley (TN BPR # 23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFFS AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF CONSULTATION

I, J. Russ Bryant, counsel for Plaintiffs, pursuant to Fed. R. Civ. P. 15(a)(2), give notice that counsel for Plaintiffs, Robert E. Turner, IV, conferred with counsel for Defendants, Lucas Jerkins, in an effort to obtain written consent to file Plaintiffs' First Amended Complaint. Counsel for Defendant provided written consent to file.

*s/ J. Russ Bryant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of September, 2020, caused this Amended Complaint to be filed via the Court's electronic case filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Lucas E.W. Jerkins (#033863)
LAW OFFICES OF JOSHUA OFFUTT & ASSOCIATES, P.C.
2323 21stAvenue South,
Suite 306Nashville, Tennessee 37212
(615) 802-8912–Telephone
(615) 334-8259–Facsimile
Attorney for Defendants

*s/ J. Russ Bryant*